**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

      Plaintiff,

                              Case No. 24-20554

vs.                              Hon. Sean F. Cox

Kristin Campbell,

      Defendant.

_____/

## Response to Defendant's Motion to Compel

Pursuant to a federal search warrant, the government seized electronic devices, including several phones, laptops, and USB drives, from Defendant Kristin Campbell's home. The government then received a warrant to search those devices and discovered text messages related to negotiating sales of firearms, including discussing prices and offering "weekend sales" on firearms, as well as discussions of building firearms from parts, and selling firearms with "no paperwork." The government has turned over all the relevant contents of those devices to Campbell in PDF form and is in the process of working with Campbell's attorney to provide the entire electronic contents of those devices.

Campbell moves to compel the government to return to him the

physical devices, which he says are necessary for his defense. (ECF No. 19). The motion should be denied because Campbell is only entitled to review and copy such evidence—not to the return of evidence to him where it will be outside of the government's chain of custody and control. *See* Fed. R. Crim. P. 16(E)(iii) (requiring the government to "permit the defendant to *inspect and to copy and to photograph* . . . [items] . . . obtained from or belong[ing] to the defendant") (emphasis added).

## I.    Background

After the parties entered to a protective order on December 23, 2024, (ECF No. 18), the government produced to Campbell, on January 10, a hard drive containing all the electronic data he seeks. The government then reproduced the discovery four days later via PDF. On January 14, the government also notified counsel that the external devices were too large to upload but were available for review at the U.S. Attorney's Office. (Gov. Exh. 1 – Production Letter 01/14/25).

The government then provided a second production on February 18 which included a flash drive that included the contents of all but two of the devices—the two largest devices—as well as additional PDFs.

Counsel told the government she could not access the encrypted documents for technical reasons. Government policy, however, requires that the information be encrypted.

## II.   Argument

The government has complied entirely with its obligations under Rule 16 to make the items at issue available for inspection and copying. The only outstanding issue is providing the contents of the two laptops seized from Campbell, which are much larger than the other files. The government continues to make these items available for review and copying at the U.S. Attorney's Office. And the government will continue looking for creative solutions to counsel's technical difficulties—the government has suggested working directly with the ATF to provide the contents of the devices without encryption as a possible solution.

Campbell cites no rule, statute, or case law that requires the government to provide the physical laptops to Campbell. Rule 16's plain text requires only that the items be made available for inspection and copying. And releasing the items to Campbell would directly prejudice the government's case, altering the chain of custody and creating a risk of destruction of evidence either inadvertently or on purpose. Without

custody of the laptops, the government would be unable to ensure that their contents were not altered or manipulated.

### III.  Conclusion

For these reasons, defendant's motion to compel must be denied.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney

*s/ Stephen Carr*
Stephen Carr
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9721
stephen.carr@usdoj.gov

Dated: February 28, 2025

## Certificate of Service

I certify that on February 27, 2025, I electronically filed the Government's Motion for an Extension with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following: Carole M. Stanyar.

s/ *Stephen Carr*
Assistant U.S. Attorney
U.S. Attorney's Office