UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 2:24-cr-20554
Honorable Brandy R. McMillion

vs.

Kristin Campbell,

Defendant

---

**Application for Entry of Preliminary Order of Forfeiture**

---

The United States of America applies for entry of a Preliminary Order of Forfeiture in this matter. In support of this application, the United States of America states as follows:

1. On October 10, 2024, an Indictment was filed charging defendant Kristin Campbell with Engaging in the Business of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) (Count One). (ECF No. 11).

2. The Indictment contains Forfeiture Allegations that provided notice that upon conviction, the Government would seek to forfeit firearms and ammunition involved in defendant's offense, under 18 U.S.C. § 924(d)(1) together with 28 U.S.C. § 2461(c). *Id*.

3. On or about November 13, 2024, the United States filed a First

Forfeiture Bill of Particulars (ECF No. 16) to supplement and clarify the forfeiture allegations contained in the Indictment and provide notice of specific property the government intends to forfeit under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, including but not limited to the following (Subject Property):

a. CHIAPPA FIREARMS LTD HONCHO Shotgun CAL:12 SN: CDUSA08233184 (24-ATF-013920);
b. COMBAT ARMORY, LLC CA15 Pistol CAL: Multi SN: AA93325 (24-ATF-013923);
c. PALMETTO STATE ARMORY PA-15 Pistol CAL: MULTI SN:SCD281562 (24-ATF-013924);
d. PALMETTO STATE ARMORY PA-15 Pistol CAL: MULTI SN:SCD281576 (24-ATF-013925);
e. HIPOINT 995 Rifle CAL:9 SN: B21501 (24-ATF-013926);
f. CENTURY ARMS INTERNATIONAL RAS47 Pistol CAL:762 SN: RAS471067 (24-ATF-013928);
g. Century Arms Pistol CAL:9 Model: Unknown SN: T062423CD01301 (24-ATF-013929);
h. Combat Armory Model: Unknown Pistol CAL:9 SN:99010998 (24-ATF-013931);
i. Palmetto State Armory 5.7 Rock Pistol CAL:57 SN:RC004897 (24-ATF-013934);
j. TISAS - TRABZON GUN INDUSTRY CORP. ZIG M 1911 Pistol CAL:45 SN:023Z20199 (24-ATF-013935);
k. GLOCK INC. 22GEN4 Pistol CAL:40 SN: BFBB236 (24-ATF013939);
l. BERSA THUNDER 380 Pistol CAL:380 SN: N14371 (24-ATF013940);
m. Combat Armory Model: Unknown Pistol CAL:9 SN:99011008 (24-ATF-013943);
n. TAURUS INTERNATIONAL GX4 Pistol CAL:9 SN:1GA56622 (24-ATF-013944);
o. COLT DIAMONDBACK Revolver CAL:38 SN: D55977 (24-ATF013946); and

p. HERITAGE MFG. INC. ROUGH RIDER Revolver CAL:22 SN: W22177 (24-ATF-013948)

4. On July 7, 2026, defendant entered a guilty plea to violating 18 U.S.C. § 922(a)(1)(A) as charged in the Indictment.

4. The United States now seeks entry of a Preliminary Order of Forfeiture from the Court forfeiting the Subject Property, which was involved in defendant's offense, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

5. Given defendant's guilty plea, and the facts of this case, the Subject Property has a sufficient nexus to defendant's violation of 18 U.S.C. § 922(a)(1)(A) and is subject to forfeiture.

6. Title 18, United States Code, Section 924(d) together with Title 28, United States Code, § 2461(c), provide for the forfeiture of any firearm and ammunition involved in or used in the knowing commission of a violation of 18 U.S.C. § 922(a)(1)(A).

7. Federal Rule of Criminal Procedure 32.2 provides, in relevant part, that:

> As soon as practical after…a plea of guilty…is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute

(Rule 32.2(b)(1)(A)).

8. Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides that "[t]he court's determination may be based on evidence already in the record…"

9. Rule 32.2 provides for entry of a preliminary order of forfeiture, stating, in relevant part, that:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture…directing the forfeiture of specific property….

Fed R. Crim. P. 32.2(b)(2)(A).

10. Defendant is currently scheduled to be sentenced on November 16, 2026; therefore, it is appropriate for the Court to enter a Preliminary Order of Forfeiture regarding the Subject Property.

11. Any claims by any third parties with respect to the Subject Property will be resolved under the procedures set forth in 21 U.S.C. § 853(n), which are specifically incorporated into the proposed Preliminary Order of Forfeiture.

12. Under Local Rule 7.1, undersigned counsel emailed defendant's attorney, Matthew S. Kolodziejski, to determine defendant's position regarding entry of the Preliminary Order of Forfeiture and did not receive a response.

Under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461, and based upon the Indictment, the First Forfeiture Bill of Particulars, this Application, and information contained in the record, the United States requests that the Court enter the proposed Preliminary Order of Forfeiture. The Government will submit the proposed Preliminary Order of Forfeiture to the Court via ECF utilities.

Respectfully submitted,

JEROME F. GORGON
United States Attorney

S/Zachary A. Kitzmiller
Zachary A. Kitzmiller (P87845)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0210
Zachary.Kitzmiller@usdoj.gov

Dated: October 23, 2026

## Certificate of Service

I hereby certify that on October 23, 2026, the foregoing document was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

S/Zachary A. Kitzmiller
Zachary A. Kitzmiller (P87845)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0210
Zachary.Kitzmiller@usdoj.gov