**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 2:24-cr-20554
Honorable Brandy R. McMillion

vs.

KRISTIN CAMPBELL,

Defendant

---

**Preliminary Order of Forfeiture**

---

Based upon the defendant Kristin Campbell's (defendant) guilty plea to violating 18 U.S.C. § 922(a)(1)(A) as set forth in the Indictment, the First Forfeiture Bill of Particulars, the Government's Application for Entry of Preliminary Order of Forfeiture, the information contained in the record, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Defendant shall forfeit to the United States all right, title and interest he may possess in any firearm and ammunition involved in the commission of his offense as property involved in his violation of 18 U.S.C. § 922(a)(1)(A), including, but not limited to, the following (Subject Property):

   a. CHIAPPA FIREARMS LTD HONCHO Shotgun CAL:12 SN: CDUSA08233184 (24-ATF-013920);

b. COMBAT ARMORY, LLC CA15 Pistol CAL: Multi SN: AA93325 (24-ATF-013923);
c. PALMETTO STATE ARMORY PA-15 Pistol CAL: MULTI SN:SCD281562 (24-ATF-013924);
d. PALMETTO STATE ARMORY PA-15 Pistol CAL: MULTI SN:SCD281576 (24-ATF-013925);
e. HIPOINT 995 Rifle CAL:9 SN: B21501 (24-ATF-013926);
f. CENTURY ARMS INTERNATIONAL RAS47 Pistol CAL:762 SN: RAS471067 (24-ATF-013928);
g. Century Arms Pistol CAL:9 Model: Unknown SN: T062423CD01301 (24-ATF-013929);
h. Combat Armory Model: Unknown Pistol CAL:9 SN:99010998 (24-ATF-013931);
i. Palmetto State Armory 5.7 Rock Pistol CAL:57 SN:RC004897 (24-ATF-013934);
j. TISAS - TRABZON GUN INDUSTRY CORP. ZIG M 1911 Pistol CAL:45 SN:023Z20199 (24-ATF-013935);
k. GLOCK INC. 22GEN4 Pistol CAL:40 SN: BFBB236 (24-ATF013939);
l. BERSA THUNDER 380 Pistol CAL:380 SN: N14371 (24-ATF013940);
m. Combat Armory Model: Unknown Pistol CAL:9 SN:99011008 (24-ATF-013943);
n. TAURUS INTERNATIONAL GX4 Pistol CAL:9 SN:1GA56622 (24-ATF-013944);
o. COLT DIAMONDBACK Revolver CAL:38 SN: D55977 (24-ATF013946); and
p. HERITAGE MFG. INC. ROUGH RIDER Revolver CAL:22 SN: W22177 (24-ATF-013948).

2. The Subject Property **IS HEREBY FORFEITED** to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) for disposition according to law, and any right, title and interest of defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3. The Subject Property has a sufficient nexus to defendant's offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to defendant upon entry and the forfeiture of the Subject Property shall be made part of defendant's sentence and included in his Judgment.

5. Upon entry of this Order, the United States, its designee, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and/or the U.S. Marshals Service are authorized, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

6. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an

alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within 30 days of the final date of publication of notice or within 30 days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner’s alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner’s acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner’s claim, and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

8. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title

to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. If a third-party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

10. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: October 23, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge